**FILED**

SEP **2 3** 2019

Clerk, U.S. District Court
Texas Eastern

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **CRAIG CUNNINGHAM,**<br>**Plaintiff,**<br><br>v.<br><br>Lifestyles Development, LLC, RCI, LLC<br>DBA Resort Condominiums International,<br>LLC, David Perme,<br><br><br>**Defendant** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 4:19-cv-0006-ALM-CAN |

### Plaintiff's Amended Complaint

### Parties

1. The Plaintiff is Craig Cunningham and natural person and was present in Texas for all calls in this case in Collin County, 3000 Custer Road, ste 270-206, Plano Tx 75075.

2. Lifestyles Development, LLC is a Missiouri corporation that can be served via registered agent David Perme 430C S. Highway 165, Branson, MO 65616 or 595 Concord Ave., Branson, MO 65616.

3. David Perme is a natural person and corporate officer of Lifestyles Development, LLC and can be served at 101 State Drive, ste 250 Hollister, MO 65672.

4. RCI, LLC dba Resort Condominiums International, LLC is a Texas corporation that can be served via registered agent Corporate Creations Network, Inc., 2425 W. Loop South #200 Houston, Tx 77027

5. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

### JURISDICTION AND VENUE

6. <u>Jurisdiction</u>. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

7. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and the sell goods and services to Texas residents, including the Plaintiff.

8. This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of Lifestyles Development, LLC, RCI, LLC DBA Resort Condominiums International, LLC, and Florida  Vacation Villas Club, Inc.,

9. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.  residing in the Eastern District of Texas when he recieved a substantial if not every single call from the Defendants that are the subject matter of this lawsuit. Many of the defendants in this case are registered in Texas or have offices in Texas.

10. This Court has venue over the defendants because the calls at issue were sent by or on

behalf of the above named defendants to the Plaintiff a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. §
227**

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer
complaints regarding telemarketing.

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency
purposes or made with the prior express consent of the called party) using an
automatic telephone dialing system or an artificial or prerecorded voice ... to any
telephone number assigned to a ... cellular telephone service." 47 U.S.C. §
227(b)(1)(A)(iii).

13. The TCPA makes it unlawful "to initiate any telephone call to any residential
telephone line using an artificial or prerecorded voice to deliver a message without
the prior express consent of the called party, unless the call is initiated for emergency
purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by
the United States, or is exempted by rule or order" of the Federal Communication
Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

14. The TCPA provides a private cause of action to persons who receive calls in violation
of § 227(b). 47 U.S.C. § 227(b)(3).

15. Separately, the TCPA bans making telemarketing calls without a do-not-call policy
available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

16. The TCPA provides a private cause of action to persons who receive calls in
violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017)
(codifying a June 26, 2003 FCC order).

17. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

18. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

19. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

20. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC

Rcd. 12391, 12397 ¶ 13 (1995).

21. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

22. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

23. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at \*10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

### The Texas Business and Commerce Code 305.053

24. The Texas Business and Commerce code has an analogus portion that is related to the TCPA and was violated in this case.

25. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## FACTUAL ALLEGATIONS

26. The Defendants in this case have placed multiple calls and text messages to 469-207-

    1254, which resulted in calls 615-212-9191, without the Plaintiff's consent and

    unrelated to any emergency purpose. The calls and texts were initiated using an

    automated telephone dialing system.

### 27. November 2018:

| Date/Time | Type | Number | Text Messages |
|---|---|---|---|
| 11/23/2018 | Text | 804-597-0325 | Hi good morning this message is for Craig & Maritel. This is Andy Morgan confirmation manager at Lifestyle Vacation Resort. I just want to remind you for your appointment today at 9:00 AM. I already forwarded your gifts in the front desk and it is available for pick up anytime. If you do have questions or if you need assistance, this is my direct phone number just call me back or to our toll free number 1-877-655-6474. Thank you and God Bless! please response for your attendance. |
| 11/24/2018 | text | 804-597-0325 | Hi good morning this message is for Craig & Maritel. This is Andy Morgan confirmation manager at Lifestyle Vacation Resort. I just want to remind you for your appointment today at 9:00 AM. I already forwarded your gifts in the front desk and it is available for pick up anytime. If you do have questions or if you need assistance, this is my direct phone number just call me back or to our toll free number 1-877-655-6474. Thank you and God Bless! please response for your attendance. |
| | | | **Calls** |
| 11/20/2018 | Call | 972-776-0888 | |
| 11/21/2018 | Call | 972-777-9815 | |
| 11/21/2018 | Call | 972-777-9815 | |
| 11/23/2018 | Call | 804-597-0325 | |
| 11/23/2018 | Call | 804-597-0325 | |
| 11/23/2018 | Call | 804-597-0325 | |
| 11/23/2018 | Call | 804-597-0325 | |

### Lifestyles Development, LLC calls to the Plaintiff

28. Mr. Cunningham received multiple calls from a variety of spoofed caller ID's that

    were initiated using an automated telephone dialing system. The calls were on behalf

    of Lifestyles Development, LLC and RCI, LLC. The calls had a delay of 3-4 seconds

    of dead air before the trademarked audible tone of ViciDial's sounded giving the

    indication that the call was initiated using an automated telephone dialing system.

The Plaintiff recieved calls by or on behalf of Lifestyles Development, LLC and selling a membership with RCI, LLC. The Plaintiff recieved at least 9 calls/texts by or on behalf of the defendants.

29. Starting in November 2018, the Plaintiff recieved multiple calls from multiple spoofed and non-working caller ID's all designed to trick consumers into picking up the phone by using false, misleading, and fraudulent caller ID's. These calls were not related to an emergency purpose or with the Plaintiff's consent.

*30.* All calls were from on 11/21/2018 was initiated by an automated telephone dialing as indicated by a 3-4 second delay and the Vici Dial trademarked audible tone when then call connected. The agent falesly claimed he was calling by or on behalf of Embassy Suites and offered two roundtrip airline tickets and a free vacation of 3 day, 2 night hotel accomodation, but later admitted that they were really calling on behalf of Lifestyles Development and sent an email to the Plaintiff confirming that they were calling to set an appointment with the Plaintiff at a Texas location. The agent stated during the call that the travel seminar was to be scheduled at location in Carrolton, Tx on Valwood parkway.

31. On November 21, 2018, the Plaintiff recieved an email from Blair Watson and resortscenter@americasawardcenter.com, Ex A and contained an attachment Ex B, which touted a vacation seminar at 1430 Valwod Park Way, suite 120, Carrolton, Tx 75006 on November 24, 2018, which corresponds to the address stated in the initial call. The Plaintiff attended this timeshare presentation and was presented with documents Ex C which indicate the true entities on whose behalf the calls were being placed.

32. The documents specificially mention Lifestyles Development, LLC and RCI, LLC. At the top of the page, titled "purchase agreement", it lists Lifestyles Development, LLC dba Lifestyles Access. This corresponds to the subject of the email which was *"Confirmation Letter Lifestyle Access Network"*. Additionally, the document states that Lifestyle Development, LLC is developing and constructing a resort known as "The Lodges at Indian Point Resort".

33. The paperwork indicated that the vacation points program is owned and administered by Resort Condominimums International (RCI) and that 30,000 annual RCI Vacation points were offered to the Plaintiff for purchase at $25,000.

34. A simple google search of "RCI Lodges at indian point" returned a property listing associated with the RCI website EX D for resort #DG57 indicating that the property is contracted with RCI as an available property.

35. Additionally, according to www.lifestylesvacationresorts.com/about-us.html, See Ex E, David Perme is the owner and managing member of Lifestyles Development, LLC and The advertised property, The Lodges at Indian Point Resort, is 100% under his ownership and management.

36. According to the documents, the Plaintiff was offered the opportunity to purchase more RCI points.

37. In the operating rules and regulations, "Purchase agreement" is defined as that agreement that each member has executed to and in favor of Developer, that among other things identifies the number of vacation points attributable to each member's usage rights, subject to those adjustment and modification rights reserved to RCI. In the document, Developer is defined as "Lifestyles Development, LLC dba Lifestyles

Access.

38. Mr. Cunningham has a limited data plan. Incoming text messages chip away at his monthly allotment.

39. Mr. Cunningham has limited data storage capacity on his cellular telephone. Incoming calls from the Defendants and his related entities consumed part of this capacity.

40. No emergency necessitated the calls

41. Each call was sent by an ATDS.

## Lifestyles Development, LLC's Knowing and  Willful Violations of
## Telemarketing Regulations

42. Mr. Cunningham asked for an internal do-not-call policy during the in person presentation from the manager of the location, which is currently unnamed and unknown to the Plaintiff, but no internal do not call policy was provided. The manager seemed confused by the question and was unaware of any internal do-not-call policy. Plaintiff alleges 47 USC 227(c)(5) violations against Defendant Lifestyles only.

43. Lifestyles Development, LLC knowingly violated the TCPA by initiating automated calls and text messages to the Plaintiff.

44. Lifestyles Development, LLC  never sent Mr. Cunningham any do-not-call policy.

45. On information and belief, Lifestyles Development, LLC did not have a written do-not-call policy while it was sending Mr. Cunningham text messages and calls.

46. On information and belief, Lifestyles Development, LLC did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

47. Lifestyles Development, LLC did not provide Mr. Cunningham with the name of the individual caller or the name of the person or entity on whose behalf the call was being made.

**RCI, LLC's  Control over their respective agents Lifestyles Development, including its Illegal Robocalling and Telemarketing**

48.  At all times relevant to the claims alleged herein, RCI, LLC was the principalin a contract Lifestyles Development. RCI knew that Lifestyles was engaged in telemarketing on behalf of RCI, and knew that Lifestyles was selling memberships on behalf of RCI as indicated in the contract presented to the Plaintiff.

49. Defendant RCI knew of and approved of the Lifestyles Development, LLC purchase agreement being presented to consumers including the Plaintiff.

50. Based on the purchase agreement contract presented to the Plaintiff, the Plaintiff reasonably believed that the calls placed were on behalf of Defendant RCI.

51. RCI contracted with Defendant Lifestyles in order for Defendant Lifestyles to sell timeshare vacation packages on behalf of Defendant RCI and RCI vacation points.

52. Defendant RCI pays Defendant Lifestyles commission fees for each and every client obtained by Defendant Lifestyles for selling the timeshare promotions.

53. Defendant RCI and Lifestyles have a contractual arrangement to list the properties developed by Defendant Lifestyles on the website of Defendant RCI, which are in turn offered as timeshare promotions to consumers.

54. Defendant RCI was aware were aware that their respective corporations, were sending automated, telemarketing calls en masse to people, including Plaintiff, and had recieved previous complaints about these types of calls.

55. Despite this knowledge, Defendant RCI continued to accept the benefits of the illegal telemarketing, failed to terminate Defendant Lifestyles as an agent, and ratified the conduct of Defendant Lifestyles by paying comissions and allowing Defendant Lifestyles to continue to list their property on the RCI website.

56. Defendant RCI also exhibit actual authority by entering into a formal contract with Defendant Lifestyles in order to sell RCI points and market timeshare promotions. Defendant RCI has the power and control in the agreement to deny payments to Defendant Lifestyles or terminate Defendant Lifestyles from the program.

57. As the principal, Defendant RCI had the power to stop these spam campaigns, but instead did nothing.

58. Despite being sued by the Plaintiff for illegal telemarketing, Defendant RCI failed to discipline Defendant Lifestyles in any way and continued to use the services of the exact same agents.

**The Plaintiff's cell phone is a residential number**

59. The text messages were to the Plaintiff's cellular phonne 615-348-1977, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## Violations of the Texas Business and Commerce Code 305.053

60. The actions of Lifestyles Development, LLC, and RCI, LLC DBA Resort
    Condominiums International, LLC, violated the Texas Business and Commerce Code
    305.053 by placing automated calls to a cell phone which violate 47 USC 227(b). The
    calls by Lifestyles Development, LLC, and RCI, LLC DBA Resort Condominiums
    International, LLC violated Texas law by placing automated calls to a cell phone
    which violate 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47
    USC 227(e).

61. The calls by Lifestyles Development, LLC, and RCI, LLC DBA Resort
    Condominiums International, LLC, violated Texas law by spoofing the caller ID's per
    47 USC 227(e) which in turn violates the Texas statute.

## I. FIRST CLAIM FOR RELIEF

## (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

### (Against All Defendants)

1. Mr. Cunningham realleges and incorporates by reference each and every
allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or
agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making
non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number
without his prior express written consent.

3. Mr. Cunningham is entitled to an award of at least $500 in damages for
each such violation. 47 U.S.C. § 227(b)(3)(B).

4.      Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5.      Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

## (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

## (Against All Defendants)

6.      Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.      The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

a.      a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1); [2]

b.      training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).

        c.      in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8.      Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9.      Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

10.      Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and telemarketers name in the solicitations.

### III. THIRD CLAIM FOR RELIEF: Violations of The Texas Business and Commerce Code 305.053

11.      Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12.      The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47

---

[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

13.    Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation.**Texas Business and Commerce Code 305.053(b)**

14.    Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c).

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against Defendants Lifestyles Development, LLC, and  RCI, LLC DBA Resort Condominiums International, LLC, David Perme jointly and severally as follows:

A.    Leave to amend this Complaint to name additional DOEs as they are identified and to conform to the evidence presented at trial;

B.    A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.    An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.    An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for 15 calls.

E.    An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F.     An award to Mr. Cunningham of damages, as allowed by law under the

TCPA;

G.     An award to Mr. Cunningham of interest, costs and attorneys' fees, as

allowed by law and equity

H.     Such further relief as the Court deems necessary, just, and proper.

Craig Cunningham
Plaintiff,                    9/21/2019

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,** **Plaintiff,** <br><br> v. <br><br> Lifestyles Development, LLC, RCI, LLC DBA Resort Condominiums International, LLC, David Perme, <br><br> **Defendant** | § <br> § <br> § <br> § 4:19-cv-0006-ALM-CAN <br> § <br> § <br> § <br> § <br> § |

### Plaintiff's Certificate of Service

I hereby certify a true copy of the foregoing was mailed to the attorney of record in this case and emailed on 9/23/2019

Craig Cunningham
Plaintiff,                                    9/23/2019

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075